KIRK D. MILLER, P.S.
421 W. Riverside Avenue
Suite 660
Spokane, WA  99201
(509)413-1494 Telephone
(509)413-1724 Facsimile

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TODD HENDERSON, | ) Case No.: |
| | ) |
| Plaintiff, | ) COMPLAINT |
| | ) JURY DEMANDED |
| vs. | ) |
| | ) |
| CAVALRY SPV I, LLC, a Delaware limited liability company, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## I.  INTRODUCTION

Plaintiff, by and through his attorney Kirk D. Miller of *Kirk D. Miller, P.S.*, pleads the following allegations and claims against Defendant Cavalry SPV I, LLC (hereinafter "Defendant" or "Cavalry"):

## II. JURISICTION AND VENUE

2.1    The Court has jurisdiction over this action under 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

COMPLAINT - 1

2.2    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1291(b)(2).

### III. NATURE OF THE ACTION

3.1    Plaintiff brings this action for damages for Defendant's actions of using unfair and unconscionable means to collect debts.

3.2    Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.3    Plaintiff seeks damages, declaratory, and injunctive relief.

### IV.    PARTIES

4.1    Plaintiff is a natural person, a resident of the state of Washington, and a "consumer" as defined by 15 U.S.C § 1692(a)(3).

4.2    Defendant Cavalry, is a collection agency with its principal place of business located at 500 SUMMIT LAKE DR STE 400, VALHALLA, NY 10595.

4.3    Upon information and belief, Defendant Cavalry is a company that uses the mail, telephone, and facsimile and regularly engages in business with a principal purpose to attempt to collect debts alleged to be due to another.

COMPLAINT - 2

4.4   Cavalry is a "debt collector," as defined under the FDCPA under 15 U.S.C § 1692a(6).

### V. PLAINTIFF'S ALLEGATIONS OF FACT

5.1   Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

5.2   On or after January 11, 2018, Defendant served Mr. Henderson with an unfiled Spokane County Superior Court summons and complaint.

5.3   Defendant's complaint contained a request for attorney's fees pursuant to RCW 4.84.080.

5.4   RCW 4.84.080 states in relevant part: "When allowed to either party, **costs to be called the attorney fee**, shall be as follows: (1) In all actions where judgment is rendered, two hundred dollars." (emphasis added)

5.5   The total principal amount requested in Defendant's complaint was three thousand five hundred seventeen dollars and nineteen cents ($3,517.19).

5.6   At all times relevant to this action, the jurisdictional limit of all Washington district courts has been one hundred thousand dollars ($100,000.00).

COMPLAINT - 3

5.7   Defendant's complaint does not seek relief of any kind, which is outside the jurisdiction of the Washington district courts.

5.8   RCW 4.84.030 states in relevant part: "the plaintiff shall in no case be entitled to **costs taxed as attorneys' fees** in actions within the jurisdiction of the district court when commenced in the superior court." (emphasis added).

5.9   Washington law prohibits Defendant from seeking RCW 4.84.080 attorney's fees for cases within the jurisdiction of the county district courts.

5.10   The amount requested by Defendant in the Superior Court action is within the jurisdictional limit of the county District Court.

5.11   Defendant's complaint did not seek non-monetary relief that is outside the jurisdiction of the Washington district courts.

5.12   Defendant is not entitled to an award of RCW 4.84.080 attorney's fees in the lawsuit commenced against Mr. Henderson in the Spokane County Superior Court.

5.13   Plaintiff's request for RCW 4.84.080 attorney's fees is a static field in the form complaints filed by Defendant's attorney, Mandarich Law Group, in the state of Washington.

COMPLAINT - 4

## VI.    CAUSE OF ACTION
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C §1692e *et seq.*

6.1    Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

6.2    Defendant attempted to collect attorney's fees pursuant to RCW 4.84.080.

6.3    Defendant is not entitled to attorney's fees under RCW 4.84.080 when it commences actions in the Washington superior courts, which could have been filed in Washington county district courts.

6.4    Attempting to collect fees to which it is not entitled is misleading to the least sophisticated consumer.

6.5    Defendant's improper request for attorney's fees is material because it may impact how a consumer chooses to respond to a lawsuit.

6.6    Defendant's improper request for attorney's fees constitutes a concrete informational injury that is particularized to the state-court defendant in the lawsuit.

6.7    Defendant's debt collection effort violated section 15 U.S.C. § 1692e of the FDCPA, which prohibits any false, deceptive, or misleading representation by a debt collector.

COMPLAINT - 5

6.8    The Defendant violated the aforementioned provision by falsely representing its entitlement to statutory attorney's fees, thereby using deceptive and misleading means to collect or attempt to collect any debt in violation of 15 U.S.C §1692e(10).

6.9    Defendant's request for RCW 4.84.080 attorney's fees is unfair and, therefore, in violation of 15 U.S.C. § 1692f.

6.10    Defendant violated 15 U.S.C. § 1692f(1) by collecting and attempting to collect "any amount (including any interest, **fee**, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." (emphasis added)

6.11    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated §1692e and f of the FDCPA, statutory damages, costs and attorney's fees.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

7.1    Awarding Plaintiff statutory damages;

7.2    Awarding Plaintiff costs of this Action, including reasonable attorney's fees and expenses;

7.3    Awarding pre-judgment interest and post-judgment interest; and

COMPLAINT - 6

7.4    Awarding Plaintiff such other and further relief as the Court may

deem just and proper.

DATED this 1st day of March, 2018.

*Kirk D. Miller P.S.*

 /s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

COMPLAINT - 7